Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Danny J Poulos** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | **Laura L Poulos** | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: (If known) | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

District of South Carolina
## Chapter 13 Plan                                                                                     5/22

### Part 1:   Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance.

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not Included |

### Part 2:   Plan Payments and Length of Plan

**2.1**     The debtor will pay the trustee as follows:

**$5,053.00** per **Month** for **60** months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court, unless otherwise ordered.

**2.2     Regular payments to the trustee will be made from future income in the following manner:**

☐ The debtor will make payments pursuant to a payroll deduction order.
☐ The debtor will make payments directly to the trustee.
☑ Other (specify method of payment): **TFS Billpay**

**2.3 Income tax refunds.**

☑ The debtor will retain any income tax refunds received during the plan term.
☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**

- [✓] **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1  Maintenance of payments and cure or waiver of default, if any.**

- [ ] None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- [ ] **3.1(b)** The debtor is in default and will maintain the contractual payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

- [✓] **3.1(c)** The debtor will make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

- [ ] **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

- [ ] **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

**3.2  Request for valuation of security and modification of undersecured claims.**

- [✓] **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3  Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

- [ ] None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
- [✓] The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered, the applicable proof of claim sets the amount to be paid at the interest rate set below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise stated in Part 8.1, any applicable taxes and insurance shall be paid directly by the debtor. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or discharge under § 1328.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Ally Financial | 2020 Chevrolet Malibu 77,000 miles | $25,492.00 | 9.00% | $529.17 (or more) Disbursed by: [✓] Trustee [ ] Debtor |
| Ally Financial | 2016 Chevrolet Tahoe 177,000 miles | $16,638.00 | 9.00% | $345.38 |

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| | | | | (or more) <br><br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |
| Carmax | 2016 Chevrolet Malibu 66,000 miles | $9,268.00 | 9.00% | $192.39 |
| | | | | (or more) <br><br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |
| Waccamaw Mgmt LLC | 9805 Plumfield Ct Myrtle Beach, SC 29579 | $506.41 | 9.00% | $10.51 |
| | | | | (or more) <br><br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |

**3.4** **Lien avoidance**.

☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5** **Surrender of collateral.**

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | Treatment of Fees and Priority Claims |

**4.1** **General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3** **Attorney's fees.**

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further modification of the plan.

☐ **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____ (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Other separately classified nonpriority unsecured claims.**

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
☑ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| **T-Mobile** | **Cell Phone Contract** | $105.00 | $1,597.33 | $26.62 |
| | | | | (or more) |
| **Verizon Wireless** | **Cell Phone Contract** | $840.00 | $2,475.00 | $41.25 |
| | | | | (or more) |

### Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession and use of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

**Part 8:    Nonstandard Plan Provisions**

**8.1    Check "None" or List Nonstandard Plan Provisions**

☐    **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**APPROVED NON-STANDARD LANGUAGE FOR CONDUIT MORTGAGE PLANS**

**Approved non-standard language for Conduit Mortgage Plans to be included in Part 8 of the form plan (required by SC LBR 3015-1):**

**8.1 (a) Mortgage payments to be disbursed by the Trustee ("Conduit"):**

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount)* | Monthly payment to cure GAP** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| **Carrington Mortgage Services** | **9805 Plumfield Ct Myrtle Beach, SC 29579  Horry County PIN: 39715030005** | $2,333.12<br>Escrow for taxes:<br>☑ Yes<br>☐ No<br>Escrow for insurance:<br>☑ Yes<br>☐ No | $77.77<br>Or more | $28,000.00 | $466.67<br>Or more |

*Unless otherwise ordered by the Court, the amounts listed on a Compliant Proof of Claim or a Notice filed under Fed. R. Bankr. P. 3002.1 control over any contrary amounts above, and any Notice of Mortgage Payment Change that might be filed to amend the ongoing monthly payment amount.

** The GAP will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Mortgage Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

**All payments due to the mortgage creditor as described in any allowed Notice of Fees, Expenses, and Charges under Fed. R. Bankr. 3002.1, filed with the Court, will be paid by the Trustee according to the requirements of SC LBR 3015-1 on a pro rata basis as funds are available.**

Once the trustee has filed a Notice of Final Cure under Fed. R. Bankr. P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

**Part 9:    Signatures:**

**9.1    Signatures of debtor and debtor attorney**

| X | **/s/ Danny J Poulos** | X | **/s/ Laura L Poulos** |
|---|---|---|---|
|   | **Danny J Poulos** |   | **Laura L Poulos** |
|   | Signature of Debtor 1 |   | Signature of Debtor 2 |
|   | Executed on   **November 29, 2023** |   | Executed on   **November 29, 2023** |

| X | **/s/ Huong T. Lam** | Date | **November 29 2023** |
|---|---|---|---|
|   | **Huong T. Lam 75307** | | |
|   | Signature of Attorney for debtor  DCID# | | |

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

AAFES
PO BOX 650060
DALLAS TX 75265

ALLY FINANCIAL
PO BOX 380901
MINNEAPOLIS MN 55438

ANDREA GOLD
52443 229TH ST
GLENWOOD IA 51534

AT&T
C/O BANKRUPTCY
4331 COMMUNICATIONS DR
FLR 4W
DALLAS TX 75211

BANK OF AMERICA
PO BOX 673033
DALLAS TX 75267-3033

BARCLAYS BANK OF DELAWARE
PO BOX 13337
PHILADELPHIA PA 19101-3337

BELL CARRINGTON PRICE & GREGG
339 HEYWARD ST 2ND FL
COLUMBIA SC 29201

CARMAX
PO BOX 440609
KENNESAW GA 30160

CARRINGTON MORTGAGE SERVICES
ATTN: BANKRUPTCY
1600 SOUTH DOUGLASS ROAD, STES 110 & 200
ANAHEIM CA 92806

CASHNET USA
175 W JACKSON BLVD STE 1000
CHICAGO IL 60604

CHASE
PO BOX 9013
ADDISON TX 75001

FREEDOM CASH LENDERS
PO BOX 637
FINLEY CA 95453

HORRY COUNTY CLERK OF COURTS
PO BOX 677
CONWAY SC 29528

JESSICA KEENAN
1024 GREY FOX LN #9100
MYRTLE BEACH SC 29579

LEIGHS HEATING & COOLING
549 W COX FERRY RD
CONWAY SC 29526

MONEY STASH
24130 TOMBALL PKWY STE 201
TOMBALL TX 77375

PRA RECEIVABLES
PO BOX 41067
NORFOLK VA 23541

PROGRESSIVE LEASING
256 W DATA DR
DRAPER UT 84020-2315

SUNRISE CREDIT SERVICES
PO BOX 9100
FARMINGDALE NY 11735-9100

SYNCHRONY BANK
PO BOX 965064
ORLANDO FL 32896

SYNERGETIC COMMUNICATIONS
5450 NW CENTRAL #220
HOUSTON TX 77092-2016

T-MOBILE
PO BOX 742596
CINCINNATI OH 45274

US DEPARTMENT OF EDUCATION
PO BOX 16408
SAINT PAUL MN 55116

VERIZON WIRELESS
PO BOX 650051
DALLAS TX 75265

WACCAMAW MGMT LLC
PO BOX 66241
PHOENIX AZ 85082